```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                        TAMPA DIVISION

ANUER STEVENS BARKER,
a/k/a ANUAR STEVEN BACER,


v.                                Case No. 8:19-cr-487-VMC-AAS
                                           8:23-cv-774-VMC-AAS

UNITED STATES OF AMERICA.

_____/
```

**ORDER**

This matter is before the Court on Anuer Stevens Barker's undated pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 162), which was docketed by the Clerk on April 7, 2023. The United States of America responded on July 24, 2023. (Civ. Doc. # 5). Mr. Barker failed to file a reply. For the reasons that follow, the Motion is dismissed as untimely.

I.  **Background**

In February 2020, pursuant to a plea agreement, Mr. Barker — identified as Anuar Steven Bacer in the criminal case — pled guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States. (Crim. Doc. ## 71, 81, 84, 96). During his

1

change of plea hearing, the Magistrate Judge went over the elements of the charged offense and the factual basis of the plea agreement with Mr. Barker. (Crim. Doc. # 163 at 16-17, 38-43). Mr. Barker swore under oath that he understood the sentencing guidelines, had no difficulty communicating with his counsel, and was satisfied with his decision to plead guilty. (Id. at 17, 32-34). He swore that the factual basis was correct regarding his conduct. (Id. at 19, 39-43). He further swore that he fully understood the plea agreement and that he had discussed it with his attorney. (Id. at 17, 19). Mr. Barker acknowledged that he had not been threatened or forced into pleading guilty or into signing the plea agreement. (Id. at 29-30).

Subsequently, the Court sentenced him to 200 months' imprisonment. (Crim. Doc. ## 145, 146). The sentencing guidelines reflected that Mr. Barker had a previous federal felony conviction for similar drug trafficking crimes. (Crim. Doc. # 139 at 8). Mr. Barker's judgment of conviction was entered on June 22, 2020. (Crim. Doc. # 146). He did not appeal.

Years later, on April 7, 2023, the Clerk docketed Mr. Barker's 2255 Motion. (Civ. Doc. # 1; Crim. Doc. # 162). The United States has responded, arguing the 2255 Motion is

untimely and, alternatively, should be denied on the merits. (Civ. Doc. # 5). Mr. Barker failed to reply.

## II. Discussion

### A. Timeliness

As an initial matter, the United States argues that Mr. Barker's Motion should be dismissed as untimely. (Civ. Doc. # 5 at 5-6).

"The [Antiterrorism and Effective Death Penalty Act of 1996 ('AEDPA')] established a one-year statute of limitations applicable to § 2255 motions, which begins to run from, *inter alia,* 'the date on which the judgment of conviction becomes final.'" Ramirez v. United States, 146 F. App'x 325, 326 (11th Cir. 2005) (quoting 28 U.S.C. § 2255). "In most cases, a judgment of conviction becomes final when the time for filing a direct appeal expires." Id.

Judgment was entered in this case on June 22, 2020. (Crim. Doc. # 146). Under Federal Rule of Appellate Procedure 5(b)(1)(A), Mr. Barker had fourteen days — until July 6, 2020 — to file a notice of appeal. Fed. R. App. P. 5(b)(1)(A). But Mr. Barker did not file a notice of appeal. Thus, Mr. Barker's judgment of conviction became final on July 6, 2020. "The limitation period started the next day, and the time to file a Section 2255 motion expired a year later" — on July 7, 2021.

3

Salley v. United States, No. 8:19-cr-317-MSS-AEP, 2023 WL 3568618, at *1 (M.D. Fla. May 18, 2023).

That leaves the question of when Mr. Barker filed the instant Motion. "Under the prison mailbox rule, a pro se prisoner's filing is deemed filed on the date the prisoner delivers it to prison authorities for mailing." Johnson v. Burke Cnty. Det. Ctr., No. 21-13373-A, 2023 WL 2662912, at *1 (11th Cir. Jan. 31, 2023). But Mr. Barker did not sign or date his Motion, so the Court is unable to tell when Mr. Barker submitted it for mailing to the prison authorities. (Civ. Doc. # 1). While the Court also has the mailing envelope, there is no discernible postmark or other date stamping on the envelope. (Civ. Doc. # 1-1).

Because the Motion is not dated and no postmark is discernible on the mailing envelope, the Court must deem the Motion filed, at the earliest, on April 7, 2023, when the Clerk docketed it. See, e.g., Johnson v. Burke Cnty. Det. Ctr., No. 21-13373-A, 2023 WL 2662912, at *1 (11th Cir. Jan. 31, 2023) ("Johnson's undated notice of appeal is deemed filed, at the earliest, on September 27 when it was postmarked."); Thomas v. Sec'y, Fla. Dep't of Corr., No. 3:18-cv-399-BJD-JBT, 2020 WL 2114682, at *1 n.1 (M.D. Fla. May 4, 2020) ("[T]he Petition is undated and contains no

4

certification of delivery to prison officials for mailing, nor does it contain a date stamp reflecting the date Petitioner turned the document over to prison authorities. Therefore, Petitioner is not entitled to the benefit of the mailbox rule with respect to this filing and thus, the Court references the date the document was filed with the Clerk of Court." (citation omitted)); United States v. Feggans, No. CRIM. 3:04CR00031-4, 2008 WL 5047825, at *1 (W.D. Va. Nov. 25, 2008) (treating petitioner's "undated § 2255 motion" as filed on the date the Court received it and dismissing the motion as untimely).

April 7, 2023, is almost two years after the July 7, 2021, deadline for Mr. Barker to file a 2255 motion. The Court notes that Mr. Barker has not even attempted to argue that equitable tolling should apply, and the Court is not aware of any grounds for equitable tolling in this case. Therefore, Mr. Barker's Motion is untimely, and the Motion is dismissed.

    B.    **Merits**

Alternatively, even if the Motion were timely, the Court would deny it on the merits. Mr. Barker bears the burden of proving that he is entitled to relief under Section 2255. Rivers v. United States, 777 F.3d 1304, 1316 (11th Cir. 2015).

5

As an initial matter, it is difficult for the Court to determine from the Motion what arguments Mr. Barker is attempting to raise. The Court agrees with the United States that Mr. Barker "has failed to provide sufficient case-specific facts to permit the United States or this Court to determine the nature of his claims and to fairly respond." (Civ. Doc. # 5 at 7); see Walker v. Dugger, 860 F.2d 1010, 1011 (11th Cir. 1988) ("[P]leadings must give an opposing party fair notice of any claims asserted. . . . [E]ven when a pro se litigant is involved, it is unreasonable to hold that a party has been put on fair notice of a claim simply because the opposing party has cited cases in a supporting memorandum that involve the claim."); Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (holding that conclusory statements, unsupported by specific facts or the record, are insufficient to demonstrate entitlement to habeas relief).

For example, Mr. Barker makes a reference to double jeopardy without every connecting that doctrine to the facts of his case:

> Furthermore, double jeopardy jurisprudence relies extensively on legislative intent. The fifth amendment guarantees against double jeopardy embodies. Simply one aspect of the basic principle that within our Federal Constitutional framework the legislative power, including the power to define criminal offenses and to prescribe the

6

>     punishments to be imposed upon those found guilty
>     of them, resides wholly with the congress.

(Civ. Doc. # 1 at 4). With only this vague paragraph, Mr. Barker has not even attempted to inform the Court if or how the double jeopardy bar applies to his case. See Walker, 860 F.2d at 1011; Nunez v. United States, No. 2:17-cr-87-SPC-MRM, 2020 WL 3640541, at *5 (M.D. Fla. July 3, 2020) ("Even if the Court liberally construes the claim to suggest the Plea Agreement is unconscionable, Nuñez does not identify how either the Agreement or any specific clause is unconscionable. This conclusory assertion fails to meet the heightened pleading standard in § 2255 motions. Thus, the Court finds Ground Three is facially insufficient and otherwise without merit." (citation omitted)).

Another example, Mr. Barker in one sentence states that "statements in the PSR does not elevate those statements to the level of reliability sufficient to give them weight in a sentencing determination." (Civ. Doc. # 1 at 3). No further argument or attempt to connect this statement with an alleged error in this case is made. Likewise, Mr. Barker elaborates on one sentencing guideline without any argument or application to his case: "To qualify [as] relevant conduct under §1B1.3[,] Conduct must have constituted a criminal

7

violation that could result in incarceration, either under Federal or State law. Relevant conduct must also bear some logical relationship to the offense of conviction." (Id. at 5). These are not sufficiently raised claims for relief.

Furthermore, to the extent Mr. Barker is trying to raise claims that (1) his conviction should be vacated because it violates double jeopardy or (2) he should be resentenced because the Court improperly relied on statements in the final presentence report or imposed an illegal sentence, Mr. Barker failed to raise those claims on direct appeal. Thus, he defaulted these claims. (Civ. Doc. # 5 at 7).

To avoid the default, Mr. Barker must establish one of two narrow exceptions. The exceptions to the requirement that Mr. Barker have raised these arguments on direct appeal are (1) "cause and actual prejudice" or (2) that he is "actually innocent." Bousley v. United States, 523 U.S. 614, 615 (1998). Mr. Barker has not even attempted to establish either cause and prejudice or actual innocence.[1] And the Court is unaware

---

[1] True, Mr. Barker's Motion mentions ineffective assistance of counsel and "[i]neffective assistance of counsel may satisfy the cause exception to a procedural bar." United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000). But Mr. Barker has not argued — let alone established — that counsel was ineffective for failing to file a direct appeal or raise Mr. Barker's arguments on direct appeal. Furthermore, as discussed later, Mr. Barker's actual, vague

of any facts that could satisfy either exception. The procedural default, therefore, is not excused and the Motion is denied as to these claims.

Of course, to the extent Mr. Barker is raising an ineffective assistance of counsel claim, that claim is cognizable and not procedurally defaulted.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To establish deficient performance, Mr. Barker must demonstrate by a preponderance of the evidence "that particular and identified acts or omissions of counsel 'were outside the wide range of professionally competent assistance.'" Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (citation omitted). In other words, Mr. Barker must show that "no competent counsel would have taken the action that his counsel did take." Id. at 1315. In deciding whether an attorney's performance was deficient, courts are "highly deferential" and "indulge [the] strong

---

arguments of ineffective assistance of counsel fail. For these reasons, Mr. Barker's reference to ineffective assistance of counsel does not establish "cause" for any procedural default.

presumption that counsel's performance was reasonable and that counsel made all significant decisions in the exercise of reasonable professional judgment." Id. at 1314 (internal quotation marks omitted).

To satisfy Strickland's second prong — prejudice — Mr. Barker must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. In the context of guilty pleas, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

Mr. Barker's claim of ineffective assistance of counsel fails because Mr. Barker has not shown that either counsel was ineffective or that he was prejudiced by counsel's conduct. Again, Mr. Barker's Motion is unclear about what exactly his complaints against counsel are.

For example, Mr. Barker first notes that "[a] guilty plea must be known and voluntary." (Civ. Doc. # 1 at 2). He goes on to state "[b]ecause such a plea amounts to an

10

admission of all the elements of the crime charged, it cannot be truly voluntary unless Mr. Barker possesses an understanding of the law in relation to the facts. . . . It is elementary that a plea entered in reliance on Mr. Barker's attorney's patently erroneous statement of the law in relation to the facts does not meet this standard." (Id. at 2-3). But Mr. Barker never identifies what "patently erroneous statement of the law" his counsel supposedly made to him or what aspect of the law Mr. Barker misunderstood. This is facially insufficient to establish his ineffective assistance of counsel claim.[2] See United States v. Walker, No. 3:08CR87/MCR, 2015 WL 4389939, at *6 (N.D. Fla. July 15, 2015) ("To establish ineffective assistance, Defendant must provide factual support for his contentions regarding counsel's performance. Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the Strickland test." (citations omitted)).

---

[2] The transcript of Mr. Barker's change of plea hearing also weighs against Mr. Barker's claim that he was somehow wrongly advised on the law in a way that induced him to plead guilty. (Crim. Doc. # 163). Mr. Barker has not met the heavy burden of showing that his statements under oath during his plea colloquy were false. See Winthrop-Redin v. United States, 767 F.3d 1210, 1217 (11th Cir. 2014) ("[B]ecause Winthrop-Redin made statements under oath at a plea colloquy, 'he bears a heavy burden to show his statements were false.'" (citation omitted)).

A bit less ambiguously, Mr. Barker also alleges that his counsel was ineffective at sentencing because "[c]ounsel should have objected to the sentence that was imposed." (Civ. Doc. # 1 at 4). But, again, Mr. Barker fails to identify what aspect of his sentence he believes his counsel should have objected to after the sentence was imposed.

The Court cannot conclude that counsel was ineffective for failing to raise unspecified arguments or objections — the merit of which have not been shown. See Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990) ("Counsel cannot be labeled ineffective for failing to raise issues which have no merit."). And Mr. Barker has not established that he was prejudiced by any such failure by counsel. See United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("[A] lawyer's failure to preserve a meritless issue plainly cannot prejudice a client.").

In short, if the Court had not already dismissed the Motion as untimely, the Motion would still be denied.

### III. **Evidentiary Hearing**

As the Court readily determined that Mr. Barker's Motion was untimely and lacks merit, no evidentiary hearing is required. See 28 U.S.C. § 2255(b) (stating that an evidentiary hearing is not necessary if "the motion and the files and

records of the case conclusively show that the prisoner is entitled to no relief"); see also Hernandez v. United States, 778 F.3d 1230, 1232-33 (11th Cir. 2015) ("To establish that he is entitled to an evidentiary hearing, Hernandez had to allege facts that would prove that his counsel performed deficiently and that he was prejudiced by his counsel's deficient performance.").

## IV. Certificate of Appealability and Leave to Appeal In Forma Pauperis Denied

The Court declines to issue a certificate of appealability because Mr. Barker has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2). Nor will the Court authorize Mr. Barker to proceed on appeal in forma pauperis because such an appeal would not be taken in good faith. See 28 U.S.C. § 1915(a)(3). Mr. Barker shall be required to pay the full amount of the appellate filing fee pursuant to Section 1915(b)(1) and (2).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Anuer Stevens Barker's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence (Civ. Doc. # 1; Crim. Doc. # 162) is **DISMISSED** as untimely.

13

(3)  The Clerk is directed to enter judgment accordingly and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>9th</u> day of October, 2024.

                          VIRGINIA M. HERNANDEZ COVINGTON
                          UNITED STATES DISTRICT JUDGE